Diane A. CARTER, Plaintiff–Appellant,

v.

State of NEW YORK, New York State Education Department, New York State Department of Audit and Control and New York State Department of Civil Service, Defendants–Appellees.

Docket No. 04–2730–CV.

United States Court of Appeals, Second Circuit.

Oct. 5, 2005.

Robert S. Catapano–Friedman, Robert S. Catapano–Friedman, P.C., Albany, NY, for Plaintiff–Appellant.

Gregory Silbert, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Robert H. Easton, Senior Assistant Solicitor General), New York, NY, for Respondent–Appellee, of counsel.

PRESENT: NEWMAN, SOTOMAYOR, Circuit Judges. and DANIELS, District Judge.*

---

\* The Honorable George B. Daniels, United States District Judge for the Southern District    of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellee Diane Carter appeals from a judgment dismissing plaintiff's claims that she was subject to race and sex discrimination in violation of 42 U.S.C. § 2000e–2(a)(1) and unlawful retaliation in violation of 42 U.S.C. § 2000e–3(a). Plaintiff appeals only from the district court's dismissal of her sex-based hostile work environment and retaliation claims. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

■ The conduct alleged in this case was not "sufficiently severe or pervasive" to support a claim of hostile work environment under Title VII. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 767 (2d Cir.1998) (citation and internal quotation marks omitted). Three kisses on the cheek in a two-year period, in the absence of any other discriminatory or offensive treatment, do not meet the threshold this Court has established for hostile work environment claims. *See, e.g., Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 n. 5 (2d Cir.1995) ("[I]solated remarks or occasional episodes of harassment will not merit relief under Title VII; in order to be actionable, the incidents of harassment must occur in concert or with a regularity that can reasonably be termed pervasive." (citations omitted)). Although the alleged incidents may have been "offensive and inappropriate, they are sufficiently isolated and discrete that a trier of fact could not reasonably conclude that they pervaded [the plaintiff's] work environment." *Quinn*, 159 F.3d at 768; *see also id.* (holding that two alleged incidents of hostile treatment, in which a supervisor made a comment about the plaintiff's body and touched her breasts with some papers, did not constitute a hostile work environment). Having found that the plaintiff failed to allege harassment sufficient to establish a hostile work environment claim, we need not reach the question of whether the defendants established an affirmative defense. *See United States v. Morgan*, 380 F.3d 698, 701 n. 2 (2d Cir.2004) ("[W]e are entitled to affirm the judgment of the district court on any ground with support in the record. . . .").

■ The district court did not err when it dismissed the plaintiff's retaliation claim because the plaintiff failed to demonstrate that she suffered any adverse employment action. *See Fairbrother v. Morrison*, 412 F.3d 39, 55 n. 8 (2d Cir.2005). The plaintiff concedes that her transfer entailed no disciplinary action, loss of rank, loss of salary, permanent change in her personnel record, or loss of benefits. We have stated that "[w]ithout a real change in the conditions of employment, a transfer is only a mere inconvenience or an alteration of job responsibilities, and hence not materially adverse." *Id.* at 56 (citation and internal quotation marks omitted). Plaintiff in this case alleges only that as a result of her transfer she no longer evaluated low-performing schools, that she was temporarily assigned no work-related travel, and that she was moved to a less desirable office space. Plaintiff may have derived less personal satisfaction from her new position, but we have held that "[i]f a transfer is truly lateral and involves no significant changes in an employee's conditions of employment, the fact that the employee views the transfer . . . negatively does not of itself render the . . . receipt of the transfer [an] adverse employment action." *Id.* (citations and internal quotation marks omitted) (alteration in original).

For the reasons discussed, the judgment of the district court is hereby AFFIRMED.